IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:19-cv-00318-MR

| | | |
|---|---|---|
| EXELA PHARMA SCIENCES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| SANDOZ, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Leave to File Document under Seal [Doc. 32].

The Plaintiff moves to file portions of its Reply in support of its Motion for Preliminary Injunction under seal. [Doc. 32]. If the sealing motion is granted, the Plaintiff intends to file a public, redacted version of its Reply in the record.

The press and the public have, under both the First Amendment and the common law, a qualified right of access to judicial documents and records filed in civil and criminal proceedings. Doe v. Public Citizen, 749 F.3d 246, 265 (4th Cir. 2014). "The common-law presumptive right of access extends to all judicial documents and records, and the presumption can be rebutted only by showing that 'countervailing interests heavily outweigh the

public interests in access.'" Id. at 265-66 (quoting in part Rushford v. New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir. 1988)).  The First Amendment right of access "may be restricted only if closure is 'necessitated by a compelling government interest' and the denial of access is 'narrowly tailored to serve that interest.'"  Id. at 266 (quoting in part In re Wash. Post Co., 807 F.2d 383, 390 (4th Cir. 1986)).

When presented with a motion to seal, the law of this Circuit requires this Court to: "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives."  Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000).

In the present case, the public has been provided with adequate notice and an opportunity to object to the Plaintiff's motion.  The motion was filed on December 13, 2019, and it has been accessible to the public through the Court's electronic case filing system since that time.  Further, the Plaintiff has demonstrated that its reply brief contains confidential business information related to the Defendant's financial and internal company information and confidential business dealings with third-party customers, and that the

2

public's right of access to such information is substantially outweighed by the compelling interest in protecting the details of such information from public disclosure. Finally, having considered less drastic alternatives to sealing the brief, the Court concludes that the limited redaction of this document is narrowly tailored to serve the interest of protecting the confidential and sensitive business information contained therein.

**IT IS THEREFORE ORDERED** that the Plaintiff's Motion for Leave to File Document under Seal [Doc. 32] is **GRANTED**, and the Plaintiff's Reply in support of its Motion for Preliminary Injunction shall be filed under seal until further Order of this Court. The Plaintiff is directed to file a redacted version of its Reply Brief within seven (7) days.

**IT IS SO ORDERED.**

Signed: December 18, 2019

Martin Reidinger
United States District Judge