# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## CIVIL CASE NO. 1:19-cv-00318-MR

| | | |
|---|---|---|
| **EXELA PHARMA SCIENCES, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **O R D E R** |
| | ) | |
| **SANDOZ, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the parties' motions for leave to file certain documents under seal. [Docs. 25, 30].

The Plaintiff filed a Motion for *Ex Parte* Temporary Restraining Order and Preliminary Injunction on November 6, 2019. [Doc. 3]. The Court denied the Plaintiff's request for a temporary restraining order [Doc. 16], and the Plaintiff's motion for a preliminary injunction is currently under advisement. As the original filing was *ex parte*, all documents related to the motion were filed under seal. Because the matter is no longer *ex parte*, such sealing is no longer applicable. The Plaintiff therefore moves for the following documents to remain sealed: (1) the Memorandum in Support of Plaintiff's Motion [Doc. 3-1] and (2) Exhibits 14, 25, 28, and 29. [Doc. 25]. The Plaintiff

has filed public, redacted versions of the Memorandum and Exhibits 14 and 25.

The Defendant, in turn, moves to file its Memorandum in Opposition to the Plaintiff's Motion for Preliminary Injunction, and certain exhibits thereto, under seal. [Doc. 30]. The Defendant intends to file public, redacted versions of all three documents as outlined in the Defendant's Memorandum. [Doc. 30-1].

The press and the public have, under both the First Amendment and the common law, a qualified right of access to judicial documents and records filed in civil and criminal proceedings. Doe v. Public Citizen, 749 F.3d 246, 265 (4th Cir. 2014). "The common-law presumptive right of access extends to all judicial documents and records, and the presumption can be rebutted only by showing that 'countervailing interests heavily outweigh the public interests in access.'" Id. at 265-66 (quoting in part Rushford v. New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir. 1988)). The First Amendment right of access "may be restricted only if closure is 'necessitated by a compelling government interest' and the denial of access is 'narrowly tailored to serve that interest.'" Id. at 266 (quoting in part In re Wash. Post Co., 807 F.2d 383, 390 (4th Cir. 1986)).

When presented with a motion to seal, the law of this Circuit requires this Court to: "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000).

In the present case, the public has been provided with adequate notice and an opportunity to object to the parties' motions. The parties' motions were filed on December 6, 2019, and they have been accessible to the public through the Court's electronic case filing system since that time. Further, the parties have demonstrated that the documents at issue contain confidential business information related to financial and internal company information and confidential business dealings with third-party customers, and that the public's right of access to such information is substantially outweighed by the compelling interest in protecting the details of such information from public disclosure. Finally, having considered less drastic alternatives to sealing the documents, the Court concludes that the sealing and/or limited redaction of these documents is narrowly tailored to serve the interest of protecting the parties' confidential and sensitive business information.

**IT IS THEREFORE ORDERED** that the Plaintiff's Motion for Leave to File Document under Seal [Doc. 25] is **GRANTED**, and the following documents shall remain under seal until further Order of this Court: the unredacted version of the Memorandum in Support of the Plaintiff's Motion for *Ex Parte* Temporary Restraining Order and Preliminary Injunction [Doc. 3-1] and Exhibits 14, 25, 28, and 29 thereto [Docs. 3-15, 3-26, 3-29, 3-30]. The Clerk of Court is respectfully directed to **UNSEAL** the Plaintiff's Motion for *Ex Parte* Temporary Restraining Order and Preliminary Injunction [Doc. 3] and the other remaining exhibits, including the redacted versions of the documents identified above.

**IT IS FURTHER ORDERED** that the Defendant's Motion for Leave to File Documents under Seal [Doc. 30] is **GRANTED**, and the following documents shall remain under seal until further Order of this Court: the Memorandum in Opposition to the Plaintiff's Motion for *Ex Parte* Temporary Restraining Order and Preliminary Injunction [Doc. 31] and Exhibits 3 and 4 thereto [Docs. 31-3, 31-4]. The Defendant has not sought to seal Exhibits 1 and 2 to the Defendant's Memorandum [Docs. 31-1, 31-2] and therefore the Clerk of Court is respectfully directed to **UNSEAL** these exhibits. The Defendant is directed to file redacted versions of the Memorandum and

Exhibits 3 and 4 in the manner outlined in the Defendant's Memorandum

[Doc. 30-1] within seven (7) days.

**IT IS SO ORDERED.**

Signed: January 9, 2020

Martin Reidinger
United States District Judge